IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| COLLEEN STUART, et al., | ) |
|     Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 23-cv-02021-TC |
| | ) |
| CITY OF TOPEKA, KANSAS, | ) |
| and BRYAN WHEELES, in | ) |
| his individual capacity. | ) |
|     Defendants. | ) |

**PLAINTIFFS' MEMORANDUM IN SUPPORT FOR AN
AWARD OF ATTORNEY FEES**

Plaintiffs Colleen Stuart and Jana Harden respectfully move the Court for an award of attorney fees for legal services rendered in the above-referenced case. A copy of billing records for these fees are included as part of the Affidavits attached as **Exhibits 1, 2, 3 and 4** to this combined memorandum and brief.

**The Nature of the Matter Before the Court**

After obtaining a successful jury verdict on Plaintiffs' claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq., ("Title VII"), Plaintiffs now file this motion for attorneys' fees.

**Statement of Facts**

1.    By their Complaint filed on January 18, 2023, Plaintiffs, including Colleen Stuart, Jana Harden and Jennifer Cross brought this action for gender discrimination in violation of Title VII against Defendant City of Topeka (Count I), in that Defendant Topeka failed to promote Plaintiffs based on their sex in violation of Title VII; violation of 42 U.S.C. § 1983 by violating their 14th Amendment rights to equal treatment because of their gender against Defendant Topeka by failing to promote them (Count II). Additionally, Plaintiffs claimed that Defendant Topeka had a policy, practice, or custom

of not promoting qualified candidates, including Plaintiffs, because of their sex in violation of Section 1983, making Defendant Topeka liable under *Monell*. And lastly, against Defendant, Bryan Wheeles, in his individual capacity, in violation of 42 U.S.C. § 1983 by violating their 14th Amendment rights to equal treatment because of their gender by failing to promote them (Count III).  (Doc No. 1).

2. Defendants filed their Answer to the Complaint on February 23, 2023 [Doc. 2].

3. The parties engaged in and conducted extensive but appropriate and necessary discovery through November 8, 2023, including fourteen (14) depositions.  All of Plaintiffs' claims, including those dismissed by the Court and including the claims of the third dismissed Plaintiff were reasonable, necessary and completely related to the Plaintiffs' claims that were successful at trial.

4. By their Motion for Summary Judgment [Doc. 57], Defendants moved for summary judgment on January 19, 2024.  After the matter was fully briefed, the Court denied Defendant's Motion for Summary Judgment on August 9, 2024, as to Plaintiffs' Colleen Stuart and Jana Harden's Title VII gender discrimination claims against Defendant, City of Topeka, Kansas . [*See* Memorandum and Order, Doc. 77.].

5. The case proceeded to jury trial on September 16, 2024, which necessitated all attendant jury trial-related preparation and filings including, but not limited to, requested jury instructions, proposed voir dire questions, an Agreed Pretrial Order and pretrial limine motions.

6. The jury verdict rendered on September 19, 2024, was in favor of Plaintiffs, Stuart and Harden and against Defendant, City of Topeka on Plaintiffs' gender discrimination Title VII claim. The jury awarded Colleen Stuart $35,277.58 in back pay economic damages, $42,593.67 in front pay economic damages and $200,000 in compensatory damages and awarded Jana Harden $11,059.20 in back pay economic

damages and $200,000 in compensatory damages. [Doc. 113].

7. On October 3, 2024, in accordance with D. Kansas local court rule 54.2, Plaintiffs filed a Motion for Attorneys' Fees, Costs and Other Litigation Expenses [Doc. 116] and began to communicate with defense counsel in an attempt to settle the issue of attorneys' fees and costs. Counsel for both parties had a telephone conference regarding fees and costs on October 8, 2024. Plaintiffs provided to Defendant's counsel a copy of Plaintiffs' attorneys' billing statements and a breakdown of the costs associated with this matter. Counsel, at defense counsel's request, later provided more detail regarding Plaintiffs' counsel's billing. Today, November 7, 2024, counsel spoke again to resolve the issue of fees and costs, but to date, the issue of attorneys' fees and costs has not been resolved.

8. Pursuant to D. Kan local court rule 54.2, Plaintiff's motion for attorney fees must be filed no later than thirty (30) days after Plaintiffs' counsel and Defense counsel met to confer regarding the issue of fees and costs which was October 8, 2024. Plaintiffs' deadline to file a motion to recover attorney fees is, therefore, November 7, 2024.

9. In rendering professional services in prosecuting Plaintiffs' claims in this litigation, and in succeeding thereupon, Plaintiffs' counsel, Mark Jess, Christie Jess, Eric Playter and Christopher Playter, have expended **1,379.35 billed hours** on the case. A reasonable hourly rate for the time expended by Plaintiff's principal lawyer, Mark A. Jess is $850.00 per hour, $600.00 per hour for Christie Jess for her pretrial work, $760.00 for Eric Playter and $550.00 per hour for Christopher Playter respectively. The reasonable hourly rates for Mark A. Jess, Christie Jess, Eric Playter and Christopher Playter, combined with the total hours billed calculates to a total fee of **$915,162.50** for services provided from <u>January 13, 2022 through November 7, 2024</u>. *See* Ex. 1, 2, 3 and 4, affidavits and exhibits in support.

I.  **ARGUMENT AND AUTHORITIES**

  A.  **Plaintiff Is Entitled to an Award of Attorney Fees**

Title VII allows courts to award attorney fees to the prevailing party. "In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs. . . ." 42 U.S.C. § 2000e-5(k). "When a plaintiff secures an 'enforceable judgmen[t] on the merits' . . . that plaintiff is the prevailing party because [s]he has received a 'judicially sanctioned change in the legal relationship of the parties.'" *CRST Van Expedited, Inc. v. Equal Emp't Opportunity Comm'n*, 578 U.S. 419, 422 (2016) (quoting *Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 604 (2001)). "A prevailing plaintiff ordinarily is to be awarded attorney's fees in all but special circumstances." *Christiansburg Garment Co v. Equal Emp't Opportunity Comm'n.*, 434 U.S. 412, 417 (1978) (citing *Albemarle Paper Co. v Moody*, 422 U.S. 405, 415 (1975) and *Northcross v. Memphis Board of Education*, 412 U.S. 427, 428 (1973)).

In the case at bar, Plaintiffs have achieved success on the merits. As evidenced by the Court's entry of the jury's verdict on the merits, Plaintiffs succeeded on their gender discrimination/failure to promote counts. Therefore, Plaintiffs are entitled to be awarded their reasonable attorney's fees and no "special circumstances" militate against such an award.

  B.  **Computation of the Lodestar**

The Tenth Circuit Court of Appeals instructs as follows about the proper procedure for determining a reasonable attorney fee:

> To determine a reasonable attorneys fee, the district court must arrive at a "lodestar" figure by multiplying the hours plaintiffs' counsel reasonably

spent on the litigation by a reasonable hourly rate. The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.

*Case v. Unified School Dist. No. 233, Johnson Cnty, Kan.*, 157. F.3d 1243, 1249 (10th Cir. 1998). The lodestar amount yields the presumptively reasonable attorney fee, but the "presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010).

With regard to the "reasonable hourly rate," courts must "determine what lawyers of comparable skill and experience practicing in the area in which the litigation occurs would charge for their time." *Case*, 157 F.3d at 1256 (quotations omitted). The court may consider affidavits submitted by the parties and other reliable evidence of local market rates." *Id.* (Affidavits of other employment lawyers in the area, Exhibit 5). If the court does not have adequate evidence of prevailing market rates, the court may also "use other relevant factors, including its own knowledge, to establish the rate." *Id.*

As noted in the above statement of facts, Plaintiffs' counsel is unaware of any plaintiff's employment law attorneys in Topeka who have the experience and ability to handle a case such as this. One of Plaintiffs' counsel did conduct a Google search and based on the website, that attorney may be qualified, but the firm's website also indicates that lawyer and his partner also do auto injury cases and workers compensation cases. Ex. 1 (M. Jess Affidavit, paragraph 22).

Plaintiffs anticipate Defendant will argue counsel's fees should be reduced because the Court dismissed Plaintiffs' claims under Section 1983 and because then Plaintiff Jennifer Cross's claims were dismissed. As set forth above, however, the dismissed claims involved the same set of facts and consistent legal theories so no such reduction should be made. *Hensley v. Eckerhart*, 461 U.S. 424, 434-35 (1983), *superseded in unrelated part by statute* (reductions should occur only where the dismissed claims are unrelated to the

successful claims meaning the dismissed claims were "distinctly different claims for relief that are based on different facts and legal theories.").

Here, the dismissed claims were not "unrelated" to the successful claims, so no reduction is warranted.

Attached to this motion and memorandum as **Exhibits 1, 2, 3 and 4** are the Affidavits and attached billing records submitted by Mark A. Jess, Eric Playter, Christopher Playter and Christie Jess. The lodestar figure is **$915,162.50**. The hours on which the lodestar figure is based were reasonably expended, and the hourly rates for Mark A. Jess, Eric Playter, Christopher Playter and Christie Jess reflect reasonable hourly rates in view of all relevant circumstances.

**II.    CONCLUSION**

Plaintiffs respectfully request this Court enter an order awarding them the reasonable attorney fees requested by this motion, in the total amount of **$915,162.50**.

Respectfully Submitted,
EMPLOYEE RIGHTS LAW FIRM
Law Offices of Mark A. Jess, LLC


     /s/ Christie Jess
Mark A. Jess               KS No. 16525
Christie Jess              MO No. 44919
4 E. Franklin Street
Liberty, MO 64068
Ph:  816.474.4600
Fx:  816.474.4601
mark.jess@employeerightslawfirm.com
christie.jess@employeerightslawfirm.com

and

PLAYTER & PLAYTER LLC
Eric S. Playter, KS #23027
Chris R. Playter, KS #
7608 Raytown Road
Kansas City, MO 64138
(816) 666-8902 (Main)
(816) 666-8903 (Fax)
eric@playter.com
chris@playter.com

ATTORNEYS FOR THE PLAINTIFF


## CERTIFICATE OF SERVICE

     I hereby certify that on the 7th day of November 2024, I electronically transmitted a true and correct copy of the above and foregoing instrument to the Court Clerk via ECF and transmittal of a Notice of ECF filing to all registered participants:


     /s/ Christie Jess
     Attorney for Plantiffs

7