# AFFIDAVIT OF PHILLIP M. MURPHY II

I, Phillip Michael Murphy II, having been first duly sworn, and upon my oath, depose and state as follows:

1. I make the following affidavit based on my personal knowledge and could competently testify to the facts set forth herein if called as a witness.

2. I am of majority.

3. I am an attorney in solo practice at the Law Office of Phillip M. Murphy II, LLC.

4. My practice concentrates almost exclusively in representing plaintiffs in personal injury and employment-related matters.

5. I graduated from the University of Kansas School of Law in 2008. I was admitted to the Bar of the State of Kansas and the United States District Court for the District of Kansas in 2008, and the Bar of the State of Missouri in 2009.

6. In 2009, I was also admitted to the United States District Court for the Western District of Missouri and the United States District Court for the Eastern District of Missouri.

7. In 2016, I was admitted to the United States Tenth Circuit Court of Appeals.

8. In 2023, I was admitted to the United States District Court for the District of Nebraska, the United States Court of Federal Claims, and the United States Supreme Court.

1

9. I am an active member of the Missouri Association of Trial Attorneys, the Kansas City Metropolitan Bar Association, and the Earl E. O'Connor Inn of Court for Eastern Kansas. I have served each of these organizations for many years.

10. From 2021-2023, I served as the president of the Kansas City Chapter of the National Employment Lawyers Association, which serves the Greater Kansas City Area– which includes Topeka. I have been a member of this organization since 2013, and I am also a member of the organization's national chapter.

11. I am a member of the National Trial Lawyers Top 100 Trial Lawyers for the State of Missouri, which is a nationally recognized organization, composed of the top 100 trial lawyers from each state. Membership is by invitation only, and is extended solely to those attorneys who exemplify superior qualifications, leadership, reputation, influence, stature, and profile as trial attorneys, both in civil plaintiff and criminal defense matters.

12. I have also been honored by my peers as being named as a Missouri/Kansas Super Lawyer in the area of employment litigation.

13. After 16 years of active practice in the Kansas City area, I am very familiar with market practices and hourly rates charged by local attorneys.

14. My own hourly rate for plaintiff's employment work is $585.00 per hour. This rate was approved on October 30, 2024, in *Barnett v. USA*, Case No. 1:23-cv-01558-EDK, by the Honorable Elaine D. Kaplan, United States Court of Federal Claims.

15. In *Khoshneviszadeh v. Sam's West, Inc.*, Case No. 2116-CV25207, the Honorable Jennifer Phillips awarded me a lodestar of $525 per hour for work performed from 2021 to 2024.

16. In *Josh Nolen v. Firebirds of Overland Park LLC*, Case No. 17-cv-2237-HLT, District of Kansas, I also obtained a common-fund fee award of one-third of the $2,500,000.00 settlement I obtained as co-lead counsel in a 7,000+ plaintiff FLSA class action.

17. I have tried, to date, five civil cases to jury verdict.

18. I have also argued in front of the Tenth Circuit Court of Appeals.

19. I have argued three cases in front of the Missouri Court of Appeals for the Western Appellate District, prevailing twice, including once *en banc*.

20. In 2017, I was lead counsel in the landmark appeals case *State of Missouri ex rel. Van Alst, et al., v. Harrell,* 528 S.W.3d 442 (Mo. App. W.D. 2017). *Van Alst* created a previously non-existent right for a party wishing to "appeal" a court's order compelling arbitration by obtaining a writ; *Van Alst* also made it reversible error for a court to compel arbitration on an unenforceable arbitration agreement.

21. In 2017, I was lead counsel in the landmark Missouri Supreme Court case *State of Missouri ex rei. Tivol Plaza, Inc., v. Missouri Commission on Human Rights,* case no. SC95758. There, I successfully argued that the timeliness of a Missouri Human Rights Act discrimination charge is not a jurisdictional issue for the Missouri Commission on Human Rights, and that obtaining a "right to sue"

letter from the Commission is not a prerequisite for filing a MHRA claim in the Missouri Circuit Court.

22. In my capacity as President of the Kansas City Chapter of the National Employment Lawyers Association, I coordinated with the Missouri Association of Trial Attorneys regarding pending legislation affecting workers in the state of Missouri. I also worked to submit amicus curiae briefs to the Courts of Appeals and Missouri Supreme Court in MHRA cases, as well as the Kansas Supreme Court. In addition, I acted as a liaison between the organization and the members of the local Judicial Nominating Committees to obtain input on local judgeship candidates.

23. Further, I planned and coordinated continuing legal education on issues such as trial practice for employment attorneys, litigation strategy, and even newly developing issues.

24. In September, 2022, I planned and helped present a CLE dealing exclusively with how to litigate LGBT cases under the MHRA and Title VII of the Civil Rights Act in light of the Supreme Court's Decision in Bostock v. Clayton County, 590 U.S. 644 (2020).

25. In 2023, I authored the amicus curiae on behalf of the Kansas City Chapter of the National Employment Lawyers Association ("NELA-KC") in the landmark case, *R.M.A. v. Blue Springs R-IV School District*, WD85778 ("*R.M.A. II*").

26. Recently, I obtained a plaintiff's verdict of $2,865,600.00 in *Khoshneviszadeh v. Sam's West, Inc.*, Case No. 2116-CV25207, also mentioned above. That case addressed many novel issues including whether Covid was a

4

disability under the MHRA (it does), and whether the MHRA's sole exclusivity pre-empted co-workers from torts occurring outside the scope and course of their employment (it does not).

27. I have known attorneys Mark Jess and Christie Sherman Jess, and attorneys Chris Playter and Eric Playter for over 10 years.

28. Mr. and Ms. Jess's experience and expertise are unrivaled. Mark Jess has litigated, at every level, numerous large employment cases. His and Ms. Jess's names appear countless times in landmark appellate cases in employment law. They are two of the very best, and are idols for all of us to emulate.

29. There are no civil trial lawyers in NELA-KC, or perhaps in Greater Kansas City, period, more accomplished in the last 5 years, than the Playters. In this period, they have tried dozens of civil cases to verdict, winning the vast majority of them.

30. In fact, in 2019, Eric Playter was given the highest honor in Kansas City for a young trial attorney– the Lon O. Hocker Award. The Hocker Award winner is nominated and selected each year, by a panel of local state and federal judges, and is a highly coveted and prestigious honor.

31. In 2023, the Playters tried, to verdict, 13 civil cases. In the modern era, this is almost unheard of. Even better, was their record in those 13 cases. Being the president of the local NELA chapter, I am quite familiar with the success rate of these cases, at trial. It is just less than 50%. In federal court, the odds drop even further, because a unanimous verdict is required, in order to prevail (in Kansas

5

state court, a prevailing plaintiff need only persuade 10 of 12 jurors; in Missouri state court, 9). In these cases, the Playters' record was 10-2, with one mistrial.

32. That is a feat that I am unsure we will see repeated soon, if ever.

33. In addition, all four of these parties frequently put on presentations and CLEs, explaining their trial skills and acquired wisdom to other attorneys. I know this because I have benefitted from it in my own career.

34. I have reviewed the petitions for fees, submitted by Messrs. Playter and Jess, and by Ms. Jess. Based upon my experience and knowledge of the amount of time it takes to prosecute an employment discrimination lawsuit, I believe the number of hours expended is entirely reasonable and consistent with the amount of time necessary to zealously represent a plaintiff in such a case. Indeed, there is no such thing as working too hard.

35. It is my opinion that the lodestar amount requested by the attorneys in this matter is more than fair, reasonable and necessary. It is critically important that attorneys in discrimination cases are compensated in full for accepting the risks associated with such work: They know at the outset that settlement is unlikely and that the only way in which they can ever expect to be paid is by prevailing at trial; they devote large sums of money to litigating these cases, knowing that the money may never be recouped; they devote countless hours of time, which, unless they prevail at trial, is effectively pro bono work; and they refuse other work, while spending time on matters like this. If these attorneys are not properly compensated when they prevail, they will be less likely, going forward,

to accept cases like this. In turn, individuals like the plaintiff in this matter who would not have been able to pay out of pocket for representation, will suffer.

36. Furthermore, the workplace will be more hostile for Kansas employees. The downstream effect of this, is that Kansas businesses suffer, and fewer people want to work and live here. All of these interests and rights should be protected and encouraged, and attorney's fee provisions and awards help to accomplish this objective.

37. In summary, affiant respectfully submits that the lodestar amount sought by the applicants– $850.00 for Mr. Jess, $850.00 for Ms. Jess, $760.00 for Mr. Eric Playter, and $550.00 for Mr. Chris Player– is reasonable.

**FURTHER AFFIANT SAITH NAUGHT**

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION, AND BELIEF.

Executed this  4th  day of  November, 2024.

_____
Phillip M. Murphy, II

BP 2024 Subscribed and sworn to, before me, this  4th  day of  November , 2022. Phillip M. Murphy II, known to me, appeared before me, and having been duly sworn, executed the above and foregoing, under penalty of perjury.

_____
Notary Public

My Commission Expires: _____

BRIENNA C. PIPPEN
Notary Public, Notary Seal
State of Missouri
Jackson County
Commission # 23720871
My Commission Expires 03-06-2027

8

THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

| | |
|---|---|
| COLLEEN STUART, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 2:23-cv-020221-TC |
| ) | |
| CITY OF TOPEKA, KANSAS, et al., ) | |
| ) | |
| Defendants. ) | |

## AFFIDAVIT OF SEAN MCGIVERN

1. My name is Sean McGivern. I am over the age of 18 years and I make this affidavit based on my own personal knowledge.

2. I have practiced law for 17 years, with the majority of those years working on employment law cases, mostly in this Court.

3. I am professional acquaintances with Mark Jess by our common practice area. I am familiar with Jess's practice, his reputation, and his peers. Jess's affidavit, on file, demonstrates his commitment to a fair workplace, and it outlines his many accomplishments.

4. I am familiar with the history of the *Stuart* case and the verdict. Jess and his team not only prevailed, they imposed accountability on a governmental body. Jess and his team invested a substantial amount of time in pursuit of their clients' rights, likely precluding other work.

5. Some experienced employment counsel in the Kansas City area charge $675 per hour (if not more). Jess's work, performed on a contingency fee basis, should be compensated at a greater rate, to account for the risk he undertook. Second, and more

importantly, Jess's work vindicated important public policies. Attorneys should be incentivized to pursue these cases, especially when they achieve excellent results.

STATE OF KANSAS      )
                     )
COUNTY OF SEDGWICK   )

I, Sean McGivern, being duly sworn upon my oath, state that the above and foregoing affidavit is true and correct.

_____
Sean McGivern

SUBSCRIBED AND SWORN TO before me this 7th day of November, 2024.

TARA AGUILAR
Notary Public - State of Kansas
My Appt. Expires 11/27/27

_____
Notary Public

My Commission Expires: 11/27/27

# THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF KANSAS

**COLLEEN STUART, et al.,**

    **Plaintiffs,**

    **v.**                                                      Case No. 2:23-cv-020221-TC

**CITY OF TOPEKA, KANSAS, et al.,**

    **Defendants.**

## AFFIDAVIT OF CHARLES KEVIN BALDWIN

The Affiant, Charles "Kevin" Baldwin, states as follows:

1. My name is Charles "Kevin" Baldwin. I am over the age of 18. This affidavit is given based on my personal knowledge.

2. I have become more familiar with the work of Mark Jess since I began working in the area of employment law at the beginning of my career and then in 2002 when Mr. Jess worked for a defense firm and we were in opposition on a matter. During that time and thereafter, once Mr. Jess switched from the defense side to the plaintiff's side and working for righteousness and goodness, he also became a colleague upon whom I would often communicate with for guidance on various matters. Mr. Jess' work focuses primarily, if not exclusively, in representing plaintiffs in employment law cases.

3. During the past two decades in the Kansas City Metropolitan area and in areas from Springfield to Columbia to the Iowa border, Mark Jess has distinguished himself as one of the preeminent employment law attorneys.

4. During his career, Mark Jess has had many cases which have gained much notoriety – including many against the City of Kansas City, Missouri and one of which involved the discriminatory manner in which municipal judges were selected. That particular case (Howard v.

1

City of Kansas City, Mo.) went to the Missouri Supreme Court and helped to set the parameters of employment discrimination claims in the State of Missouri.

5. I was first admitted to practice before the Supreme Court of the State of Missouri in October, 1997. I am also admitted to practice before the Supreme Court of the State of Kansas, the Supreme Court of the State of Iowa (inactive status), the United States District Courts for the District of Kansas, the Western District of Missouri and the Eastern District of Missouri.

6. I graduated with honors from The Thomas M. Cooley Law School in May, 1997. I have been engaged in the private practice of law since October of 1997, and continued to engage in private practice while employed as an Assistant Prosecuting Attorney for Clay County, Missouri. I have worked in private practice focusing primarily upon employment law matters since approximately 1997 (in Clay County, Asst. Pros. were allowed to have a side civil practice). I have now been practicing more than 27 years in the area of employment discrimination and civil rights.

7. Since I began practicing law, over ninety percent of my practice has been devoted to the preparation for trial and trial of litigation matters in state and federal courts. Since 1997, at least 75 % of my litigation work has been devoted particularly to employment discrimination cases, and primarily under the auspices of the Missouri Human Rights Act and corresponding federal employment discrimination statutes.

8. I have tried a number of cases to judges and juries in both state and federal courts and received verdicts on behalf of my clients.

9. Previously, I was Vice-Chair of the Missouri Bar's Labor and Employment Law Committee.

10. I am a member of the National Employment Lawyers Association - Kansas City, of which I am currently the President, and I am a member of the Missouri Association of Trial

2

Attorneys. Participating in those organizations I have spent time consulting with the best and most successful trial attorneys in Missouri and Kansas.

11. I have taught continuing legal education classes on employment law and employment litigation at the local, state and national level and have achieved seven figure verdicts on behalf of my own clients in employment law matters that include $20.45 million dollars (Miller v. American Family Insurance) which is the largest single plaintiff Missouri Human Rights Act cases in Missouri history. In addition, I have achieved six and seven figure verdicts against such entities as the State of Missouri, AT&T and many other large corporations.

12. I am familiar with the plaintiff's attorneys' hourly rates in employment litigation matters. The prevailing local market rates for attorneys practicing employment litigation ranges from a low end of $250 per hour (for attorneys with little or no experience) up to $750 per hour (for the most experienced trial lawyers including myself). In order to achieve the intent of the legislature to eradicate discriminatory employment practices, it is imperative that plaintiff's attorneys be encouraged to accept such cases on a contingent fee basis through an adequate and truly compensable award of statutory attorney's fees.

13. My standard hourly rate is currently $750 per hour and will rise to $800 per hour as of January 1, 2025. Previously, Judge Atkins of the Sixteenth Judicial Circuit Court in Jackson County, Missouri and Judge Chamberlain of the Seventh Judicial Circuit Court in Clay County, Missouri have awarded me that $750 hourly rate. My standard hourly rate is very much in line with rates charged by similarly experienced defense firms for the same type of work in this metropolitan area.

14. Based on my experience in these types of cases and my knowledge of prevailing attorney's fees in the Kansas City legal community from both a plaintiff's and defense perspective,

it is my opinion and belief that fees sought by Mark Jess and his legal team are more than reasonable, and are well within the range of prevailing rates, of the successful employment lawyers who practice in the KC Metro area.

15. I have reviewed the billing records submitted by plaintiff's counsel and the total hours submitted. Based on the hours reported for the plaintiff's counsel, I am confident that they were necessary, and all work on this case was accomplished in an efficient manner. In fact, the only question I would have with the hours is whether they have been unnecessarily reduced by the attorneys prior to submission.

16. This Court is in the best position to judge the nature of the character of the services rendered, however, building the case and presenting it, as well as dealing the nuanced issues presented with regard to the associational discrimination claim demonstrates the high quality nature of the services that were rendered – especially in this case in which the underlying claim was not fully embraced until plaintiff sought a clarification and resulting expansion of the anti-discrimination laws in the State of Missouri. The level of difficulty in taking and pursuing this case should not be downplayed or diminished.

17. It is no secret that more than 80% of employment litigation cases are disposed of by the court on defendants' motions for summary judgment, while this affiant believes these are often not warranted and violate the plaintiff/employees right to a trial by jury under the 7th Amendment to the United States Constitution, that is the reality in which we live. As a result, any and all employment law cases taken by a plaintiff's attorney who invests time, effort, money and expenses into such a case does so knowing that it is a gamble that is more than likely to end with the pen of the judge as opposed to a verdict by a jury. As such, taking these cases is an exercise in courage and done with the desire to vindicate the rights of those aggrieved employees whose

rights to be free from discrimination and retaliation have been violated. In short, these cases are a noble cause upon which counsel has wagered his livelihood for the public good.

18. The skill, patience, ability and courage to undertake these cases and to then try them to a jury cannot be adequately described but must be experienced – either at counsel table or from the bench. This court is no stranger to such endeavors and/or the skill it takes to prevail.

19. Based on the foregoing, a lodestar multiplier of 2.0 is not only reasonable, but necessary to compensate Plaintiff's counsel for the risks of taking this matter on a contingent fee basis to vindicate the rights of citizens of this great country.

**FURTHER, AFFIANT SAYETH NAUGHT.**

_____
Charles Kevin Baldwin, KS #18637

Subscribed and sworn to before me this 7th day of November, 2024.

NOTARY PUBLIC

My Commission Expires:



_____

5